UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

————

No. 1:26-cv-01600

————

**Cardoso-Reyes,**
*Petitioner,*

v.

**Mullin, et al.,**
*Respondents.*

————

## ORDER

Petitioner Diesky Cardoso-Reyes ("Petitioner") filed a habeas petition and an application for a temporary restraining order ("TRO") restraining Respondents from transferring him outside the Western District of Texas and requiring Respondents to provide at least 72 hours written notice before transferring Petitioner outside the Western District of Texas or taking any step to remove Petitioner from the United States. Petitioner's application for a TRO is denied.

## BACKGROUND

Petitioner is a native and citizen of Cuba who has lived in the United States for over four years. On June 10, 2026, immigration officials detained Petitioner. Since June 10, 2026, Petitioner has been in federal custody at the T. Don Hutto Detention Center in Taylor, Texas.

On June 12, 2026, Petitioner filed a petition for writ of habeas corpus, requesting his immediate release or an individualized bond hearing. On June 22, 2026, Petitioner filed an application for a TRO enjoining Respondents from transferring Petitioner outside the Western District of Texas and requiring Respondents to give 72 hours of notice before transferring

Petitioner outside the Western District of Texas or taking any steps to remove Petitioner from the United States.

### LEGAL STANDARD

The party seeking a TRO must show a substantial likelihood he will prevail on the merits, a substantial threat of irreparable harm if the injunction is not granted, that the threatened injury outweighs the threatened harm to the non-movant, and that the injunction will not disserve the public interest. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). "[S]peculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant." *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013) (quoting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)).

### ANALYSIS

Petitioner's application for a TRO is denied because Petitioner has not shown imminent irreparable harm. "[Petitioner's] allegations that he will be removed or transferred . . . are wholly speculative and insufficient to support injunctive relief." *Toribio Vinces v. Mullin*, No. 3:26-cv-01392-L (BT), 2026 WL 1196633, at *2 (N.D. Tex. May 1, 2026) (denying a request for a TRO restraining a petitioner's removal from a district because the petitioner failed to offer proof transfer or removal was imminent or would occur before the court could rule).

Petitioner's conclusory allegations also do not show how transfer to a different district would irreparably harm him. *See, e.g.*, *Gonzalez v. Ybarra*, No. 3:25-cv-00656-LS, 2026 WL 93140, at *1 (W.D. Tex. Jan. 7, 2026) (denying a request for a TRO restraining the petitioner from being transferred from a district). This Court will retain jurisdiction over Petitioner's

habeas petition even if he is transferred to another district. "[W]hen the Government moves a habeas petitioner after [he] properly files a petition naming [his] immediate custodian, the District Court retains jurisdiction" even if he is transferred to another district. *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004).

Accordingly, Petitioner's application for temporary restraining order is denied. *See, e.g., Lotter v. Lyons*, No. SA-25-cv-00568-JKP, 2025 WL 2946630, at *1 (W.D. Tex. Aug. 22, 2025) (denying a petitioner's application for TRO prohibiting the petitioner's transfer out of the court's district).

*    *    *

The application for a temporary restraining order is denied.

*So ordered by the Court on June 24, 2026.*

ANDREW DAVIS
United States District Judge

3