**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

————

No. 1:26-cv-01600

————

**Cardoso-Reyes,**
*Petitioner,*

v.

**Mullin, et al.,**
*Respondents.*

————

## ORDER

On July 10, 2027, Petitioner filed an Emergency Notice of Transfer and Renewed Emergency Application for Injunctive Relief and Return of Petitioner to the Western District. ECF No. 10 ("Renewed TRO")[1]. The Court ordered Respondents to respond to Petitioners' Renewed TRO by 5:00 p.m. central standard time on July 15, 2026. ECF No. 12. Respondents responded, ECF No. 13 ("Respondents' Resp."), and Petitioner replied. The Court denies Petitioner's Renewed TRO.

## BACKGROUND

Petitioner is a native and citizen of Cuba who has lived in the United States for over four years. On June 10, 2026, immigration officials detained Petitioner. From June 10, 2026, to July 10, 2026, Petitioner was in federal custody at the T. Don Hutto Detention Center in Taylor, Texas.

On June 12, 2026, Petitioner filed a petition for writ of habeas corpus, requesting his immediate release or an individualized bond hearing. On June 22, 2026, Petitioner filed an ap-

---

[1] Petitioner frames his request as a "renewed emergency application for injunctive relief." The Court thus treats the request as a second motion for a temporary restraining order.

1

plication for a TRO enjoining Respondents from transferring Petitioner outside the Western District of Texas and requiring Respondents to give 72 hours of notice before transferring Petitioner outside the Western District of Texas or taking any steps to remove Petitioner from the United States. ECF No. 5 ("Original TRO"). The Court denied Petitioner's Original TRO because Petitioner had not shown imminent and irreparable harm absent emergency injunctive relief. ECF No. 6.

On July 10, 2026, Petitioner filed a Renewed TRO, informing the Court he was transferred to the Central Valley Annex detention facility in McFarland, California and requesting this Court (1) reaffirm that it retains jurisdiction over this action notwithstanding Petitioner's transfer; (2) direct respondents to return Petitioner to a detention facility in the Western District of Texas no later than July 14, 2026 or to release him; (3) direct Respondents to make Petitioner available for legal calls with counsel within 24 hours of this order and daily until July 16, 2026 and make Petitioner available via video teleconference for his July 16, 2026 immigration hearing in San Antonio; (4) direct Respondents to provide Petitioner's counsel and the Court with no less than 72 hours' notice before any further transfer of Petitioner or any step to remove him from the United States; and (5) provide that the order binds Respondents, their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with them who receive actual notice including the Warden of the Central Valley Annex and its operator, the GEO Group Inc., and the Warden of the T. Don Hutto Detention Center and its operator, CoreCivic, Inc.

Since Petitioner filed his Renewed TRO, his motion to continue his immigration hearing was granted and he no longer has supplemental briefing due to this Court. ECF No. 13-1 ("Respondents' Resp. Ex. A"); ECF No. 11 ("Order Vacating

2

Order for Supplemental Briefing"). This Court vacated its order requiring supplemental briefing on July 10, 2026, pursuant to the Fifth Circuit granting rehearing en banc and vacating its panel opinion in *Rodriguez v. Ortega*, No. 26-50183, 2026 WL 1906557 (5th Cir. July 2, 2026). Order Vacating Order for Supplemental Briefing (citing Nos. 26-50183, 26-50219, 26-50221, Dkt. Nos. 174; 176 (5th Cir. July 10, 2026)). Because Petitioner's motion to continue was granted, Petitioner no longer has an immigration hearing on July 16, 2026, and will be served with notice of the next hearing date. Respondents' Resp. Ex. A.

## LEGAL STANDARD

The party seeking injunctive relief must show a substantial likelihood he will prevail on the merits, a substantial threat of irreparable harm if the injunction is not granted, that the threatened injury outweighs the threatened harm to the nonmovant, and that the injunction will not disserve the public interest. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). "[S]peculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant." *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013) (quoting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)). "[A] request for injunctive relief generally becomes moot upon the happening of the event sought to be enjoined." *Harris v. City of Houston*, 151 F.3d 186, 189 (5th Cir. 1998).

## ANALYSIS

The parties agree this Court retains jurisdiction over this case notwithstanding Petitioner's transfer. Respondents' Resp. at ¶ 6; Renewed TRO at p. 4; *see also Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004).

3

Petitioner's application for a TRO is denied because the events allegedly causing Petitioner's immediate and irreparable harms have been cancelled or continued. Petitioner's alleged harms included (1) his transfer "two time zones away from his counsel, his evidence, and his court" before a supplemental brief was due to this Court on July 16, 2026, and before his immigration court hearing in San Antonio on July 16, 2026, and (2) the cancellation of scheduled confidential calls with his attorney six days before the San Antonio immigration hearing. Renewed TRO at pp. 3–4.

The events causing these alleged irreparable harms—the supplemental briefing deadline and immigration hearing—have been cancelled or continued. Petitioner does not have to submit supplemental briefing to this Court on July 16, 2026. This Court vacated the order requiring supplemental briefing on July 10, 2026. Petitioner also did not have an immigration hearing in San Antonio on July 16, 2026. Respondents' Resp. Ex. A. at p. 1. Petitioner filed a motion to continue the San Antonio immigration hearing, and it was granted. *Id.* The immigration court will serve Petitioner with a notice of his next hearing date. *Id.* Petitioner additionally has a confidential legal call with his attorney set for July 17, 2026. Respondents' Resp. at ¶ 8.

Because each of the events which allegedly caused Petitioner immediate and irreparable harm were cancelled or continued, and because Petitioner has a scheduled legal call with his attorney, there is no injury to be prevented. Access to counsel is an important right and Petitioner's access to his counsel should be maintained. The evidence in the record shows that Petitioner can contact counsel, and that he has a confidential legal call scheduled for July 17, 2026. Because there is no evidence in the record showing that Respondents will not continue to afford Petitioner access to counsel, Peti-

tioner has not shown the requisite imminent and irreparable harm. *See Daniels Health Scis., L.L.C.*, 710 F.3d at 585 (stating speculative injury is insufficient). As there is no longer a threat of immediate, irreparable harm absent emergency injunctive relief, Petitioner cannot demonstrate the required elements necessary to obtain a TRO. *See Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) ("[Injunctive relief] should only be granted if the movant has clearly carried the burden of persuasion on all four [] prerequisites."). Petitioner, therefore, is not entitled to injunctive relief. *See, e.g.*, *Gonzalez v. Ybarra*, No. 3:25-cv-00656-LS, 2026 WL 93140 (W.D. Tex. Jan. 7, 2026) (denying a request for a TRO restraining the petitioner from being transferred from a district).

In his Renewed TRO Petitioner raises two collateral issues with little bearing on the determination of his Renewed TRO. *See Clark*, 812 F.2d at 993 (listing the elements for preliminary injunctive relief). First, Petitioner claims that Respondents' transfer of Petitioner without advance notice "is impossible to square with the assurance they gave the Court" that they would "comply with an order directing that Petitioner not be transferred outside this District and directing notice before any transfer." Renewed TRO at p. 5–6. Not so. The Court did not order Respondents not to transfer Petitioner, or order Respondents give advance notice before transferring him. Respondents were under no obligation to not transfer Petitioner or give notice before doing so.

Second, Petitioner argues his transfer disregards ICE directives to "weigh against transfer the presence of an attorney of record within the area of responsibility and the existence of pending proceedings." Renewed TRO at p. 6 (citing U.S. IMMIGR. AND CUSTOMS ENF'T, Policy 11022.1, Detainee Transfers (2012)). Assuming this directive applies to Petitioner's trans-

fer, it does not provide a basis for a TRO because two factors "weighing against transfer" does not equate to a prohibition on transfer. And even if it did, Petitioner has not shown the transfer has caused, or will likely cause, imminent and irreparable harm. *See Chacon v. Granata*, 515 F.2d 922, 925 (5th Cir. 1975) ("An injunction is appropriate only if the anticipated injury is imminent and irreparable.").

Accordingly, Petitioner's Renewed TRO is denied.

\*    \*    \*

The renewed application for emergency injunctive relief is denied.

*So ordered by the Court on July 17, 2026.*

ANDREW DAVIS
United States District Judge